# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **SIDNEY JOHN DALE LESLIE,** | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 15-279-JHP-KEW |
| **JOE ALLBAUGH, DOC Director,** | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, as barred by the statute of limitations. Petitioner, a pro se prisoner in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma, attacks the execution of his sentences in Pontotoc County District Court Case Nos. CF-2006-188, CF-2006-412, CF-2008-273, CF-2008-274A, and CF-2010-172.[1]

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] The respondent alleges Petitioner has discharged his sentence in Pontotoc County District Court Case No. CF-2006-188 (Dkt. 9 at 2 n.1).

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The following dates are pertinent to disposition of the petition:

**10/30/2009** Petitioner entered a plea of guilty to Endeavoring to Manufacture Controlled Dangerous Substances (CDS) in Pontotoc County District Court Case No. CF-2008-273 and Possession of CDS in Presence of a Minor, in Pontotoc County District Court Case No. CF-2008-274A. He was placed in Drug Court with an agreement that if he failed to complete Drug Court, he would serve 15 years in the DOC. (Dkt. 9-1 at 10).

**06/10/2010** Petitioner entered a plea of nolo contendere to Child Neglect-Endangerment, in Pontotoc County District Court Case No. CF-2010-172. Pursuant to a negotiated plea agreement, the trial court sentenced him to five years' incarceration with credit for time served. (Dkt. 9-2 at 5, 9). That same day the district court terminated Petitioner from Drug Court in Case Nos. CF-2008-273 and CF-2008-274, and sentenced him to 15 years' incarceration, with credit for time served. The trial court ordered these sentences to run concurrently with all of Petitioner's other Pontotoc County cases. *Id*.

**06/20/2010** Petitioner's ten-day period for filing a motion to withdraw his nolo contendere plea in Case No. CF-2010-172 and to file a direct appeal expired. Because a direct appeal could not have been taken after this date, Petitioner's conviction in CF-2010-172 became final. See Rule 4.2(A). *Rules of the Okla. Ct. of Crim. App*., Title 22, Ch. 18, App.

This date also was the last day of the ten days in which Petitioner could have filed a written notice of intent to appeal and designation of the record for Case Nos. CF-2008-273 and CF-2008-274A, pursuant to Rule 2.1(B), *Rules of the Okla. Ct. of Crim. App.* Because Petitioner did not initiate an appeal from the Drug Court termination order, his conviction became final.

**07/08/2010**   Petitioner filed his first motion to modify the sentences in Case Nos. CF-2006-188, CF-2006-412, CF-2008-273, CF-2008-274A, and CF-2010-172 (Dkt. 9-6).

**08/16/2010**   The State filed an objection to Petitioner's motion to modify sentence. The objection alleged Petitioner was not eligible for sentence modification under Okla. Stat. tit. 22, § 982a(A) (Supp. 2010), because the sentence Petitioner sought to modify resulted from a plea agreement with the district attorney, and the district attorney did not consent to modification of the plea agreement or sentences in Case Nos. CF-2006-188, CF-2006-412, CF-2008-273, CF-2008-274A, and CF-2010-172.

**08/23/2010**   The Pontotoc County District Court entered an order denying Petitioner's motion for sentence modification. (Dkt. 9-8)

**12/28/2010**   Petitioner filed a second motion to modify his sentences. (Dkt. 9-9).

**06/09/2011**   The Pontotoc County District Court denied Petitioner's second motion to modify his sentences, because the district attorney did not consent to modification of the plea agreements or sentences resulting from such agreements, pursuant to Okla. Stat. tit. 22, § 982a(A). (Dkt. 9-10).

**06/20/2011**   Petitioner's one-year limitations expired, pursuant to 28 U.S.C. § 2244(d)(1)(A).

**08/10/2011**   Petitioner filed three separate petitions for a writ of habeas corpus in this Court in Case Nos. CIV-11-270-RAW-KEW (challenging CRF-2008-273), CIV-11-271-FHS-KEW (challenging CRF-2008-274), and CIV-11-272-RAW-KEW (challenging CRF-2010-172). (Dkt. 9-11).

**10/17/2011**   Respondent filed identical motions to dismiss in Case Nos. CIV-11-270-RAW-KEW, CIV-11-271-FHS-KEW, and CIV-11-272-RAW-KEW as time barred. (Dkt. 9-12).

**11/16/2011** Petitioner filed identical motion to voluntarily dismiss his three habeas petitions in Case Nos. CIV-11-270-RAW-KEW, CIV-11-271-FHS-KEW, and CIV-11-272-RAW-KEW. (Dkt. 9-13). This Court granted the three motions and dismissed the cases the next day. (Dkt. 9-14).

**10/22/2012** Petitioner filed an application for post-conviction relief in the Pontotoc County District Court, challenging his convictions in Case Nos. CF-2006-188, CF-2006-412, CF-2008-273, CF-2008-274A, and CF-2010-172. (Dkt. 9-15 at 2). The application was denied on December 7, 2012. (Dkt. 9-15).

**05/02/2013** The Oklahoma Court of Criminal Appeals (OCCA) affirmed the denial of Petitioner's post-conviction application and barred any future applications on the issues in Case No. PC-2012-1118. (Dkt. 9-16).

**07/27/2015** This habeas corpus petition was filed.

As set forth above, Petitioner's latest conviction became final on June 20, 2010. Pursuant to 28 U.S.C. § 2244(d)(1), Petitioner's statutory year began to run on June 21, 2010, and it expired on June 21, 2011. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (the year begins to run the day after the judgment and sentence becomes final). The petition, filed on July 27, 2015, was untimely.

Petitioner's motions to modify his sentences, filed on July 8, 2010, and December 28, 2010, do not toll the limitations period, because a motion to modify sentence is not a form of collateral review or post-conviction relief under Oklahoma law. Instead, it is a request to the court that imposed the sentence for a review of the penalty, not a collateral attack on the legality of the underlying conviction and sentence. Okla. Stat. tit. 22, § 982a. *See also Nicholson v. Higgins*, 147 Fed. Appx. 7, 2005 WL 1806446 n.2 (10th Cir. 2005) (unpublished) ("[S]uch motions seek discretionary review, their denial is not appealable, and they therefore do not constitute post-conviction proceedings for purposes of tolling the AEDPA limitations period").

Furthermore, Petitioner's application for post-conviction relief, filed on October 22, 2012, also does not toll the limitations period. Because this post-conviction application was not initiated until the limitations period had expired, there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)). This petition for a writ of habeas corpus is barred by the statute of limitations.

The court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, the respondent's motion to dismiss time-barred petition (Dkt. 8) is GRANTED, and this action is, in all respects, DISMISSED. Furthermore, Petitioner is denied a certificate of appealability.

**IT IS SO ORDERED** this 9th day of September 2016.

James H. Payne
United States District Judge
Eastern District of Oklahoma